JOHN PISHKOS v. JOSEPH WORTEK.

(No. 3366.)

APPEAL from Lavaca County.  Opinion by WHITE, P. J.

ELLIS & ALLEN and A. P. BAGBY, counsel for appellant.

S. C. PATTON, counsel for appellee.

§ 302. *Written contract; contemporaneous oral agreement; parol testimony admissible to prove.*  Appellant

brought this suit in the county court for eighty cords of wood or its value, alleged at $3 per cord, claiming that he had purchased the wood for a valuable consideration from appellee. It appears from the evidence that these parties had engaged in a trade for land, appellee selling the place upon which he lived to appellant for the sum of $3,500. Appellant claimed that in this sale and purchase of the land, in consideration of the fact that appellee desired to reserve forty acres of the tract, he (appellee) agreed to let the appellant have instead of said forty acres, eighty or eighty-five cords of wood, which had been cut and corded on land belonging to appellant. After the contract had been made as above set out they sent for a third party, to reduce the contract to writing. The contract for the land was put in writing by the third party, but nothing was said about the wood, as above set out. At the trial of the cause appellant proposed by his own testimony, that of his wife, and one John Dross, to prove the understanding and agreement with regard to the eighty or eighty-five cords of wood. This testimony was objected to by the appellee upon the ground that it tended to contradict the written contract, and that parol evidence was inadmissible for that purpose. The court sustained the objection, and excluded the evidence. In this the court erred. "There is no rule of evidence which precludes a party from asserting and proving by oral testimony a distinct and valid parol contract, made at the same time, and not reduced to writing, which is not in conflict with the provisions of the written contract, and which operated as an inducement to the party to enter into it." [1 Civil Cas. Ct. App., § 1306, and authorities cited; 2 Civil Cas. Ct. App., § 544, and authorities cited.] Because the court erred in excluding the evidence of appellant as above stated, the judgment is reversed and the cause remanded.

March 19, 1892.                    Reversed and remanded.