REID v. RAGLAND.

(Court of Civil Appeals of Texas. San Antonio. May 7, 1913.)

1. PLEADING (§ 150*)—CROSS-PETITION—DENIAL.

Plaintiff's failure to deny allegations of partnership in defendant's cross-petition is an admission thereof.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 150.*]

2. EVIDENCE (§ 419*) — PAROL EVIDENCE — DEED—CONSIDERATION.

In an action upon a note given as part of the consideration for a conveyance, the grantee may set up as an affirmative defense or counterclaim the grantor's failure to furnish him with goats in accordance with a contemporaneous parol agreement, it appearing that the grantee was without funds and that the maker agreed to supply him with stock so that he might be enabled to pay for the land, for evidence of such agreement does not violate the rule against the introduction of parol evidence to vary a written instrument, but falls within the exception admitting it to show the real consideration of a deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419;* Bills and Notes, Cent. Dig. § 1738.]

Appeal from District Court, Kimble County; Clarence Martin, Judge.

Action by G. R. Ragland against John F. Reid and another. From a judgment for plaintiff and denying recovery on a counterclaim, the named defendant appeals. Reversed and remanded.

Horace E. Wilson, of Junction, for appellant.

TALIAFERRO, J. This was a suit by G. R. Ragland against J. F. Reid and R. A. Pickens to recover upon a promissory note for $500 with interest and attorney's fees. The note was made payable to the order of G. R. Ragland and W. R. Richardson, and Ragland asserted ownership of the whole note by assignment from Richardson. Upon prayer of the appellant, W. R. Richardson was made a party to the suit. Appellant answered by general denial and verified plea of failure of consideration, alleging that the note in question was executed by him as principal and his codefendant, Pickens, as surety, as a part of the purchase price of a tract of land purchased by him from G. R. Ragland and W. R. Richardson, and that the said note was to represent the cash payment for the land; the whole consideration being $2,500, and the balance thereof to be paid in four equal annual installments. The deed did not recite the execution of the note sued upon, nor reserve a lien for its security, but recited the execution of the other four notes and retained a vendor's lien upon the land to secure their payment. Appellant alleged: That Ragland and Richardson were partners and that his dealings were with Ragland as such partner. That he told Ragland that he could not buy the property because he would have no money to stock it or to

pay for it when the notes came due, and that thereupon, as an inducement to purchase the land, and as a part of the consideration, Ragland, for himself and Richardson, agreed to purchase in the market 600 head of mutton goats of a certain quality and turn them over to appellant to be left in his care and custody and maintained on the property for the mutual profit of appellant and appellees. And that as an additional consideration he upon his part agreed to improve the fence around the land by adding three additional wires thereto. That relying upon appellee's agreement to furnish said goats as the main inducement and consideration for the trade, he executed the notes and delivered them to Ragland and Richardson and entered into possession of the land. That although he complied with his agreement with reference to the fence, the appellees failed to comply with their agreement to provide him with 600 goats, but represented to appellant that they were unable to obtain that number of goats of the kind specified in their contract, and induced him to modify the contract and agree to accept 300 goats of a different class. That although he agreed to such a modification of the contract and appellees promised anew to furnish him 300 goats of the kind specified, they failed to do so and furnished him only 100 goats. He alleged that from the 100 goats provided he realized in cash on the Mohair $101, and that the yield of kids was worth $172, and that if he had received the 300 goats which appellees agreed to furnish him his profits upon them would have been equal in proportion to the profits on the others and states his damages at $546. It is further alleged that the agreements and promises made by appellees to him were fraudulently made for the purpose of inducing him to buy, and that Ragland is not the bona fide holder of the said note, but fictitiously claims to own same for purposes of this suit. To the defendant's special answer the plaintiff interposed general demurrer and special exceptions which were sustained. Judgment was rendered for appellee Ragland in accordance with his prayer.

[1] Appellee has filed no brief in this court. The appellant's allegation that appellee and W. R. Richardson were partners is not denied, and it must be assumed that such was their relation.

[2] Appellant's first assignment of error is as follows: "The court erred in sustaining plaintiff's general demurrer to defendant's first amended answer and cross-action, because the said answer presented a legal cause of action that should have been heard upon its merits, and if the allegations in said answer were sustained by proof would have entitled the defendant to an offset against the note sued upon by plaintiff in this case."

The court in ruling on the pleadings of the parties made a general order sustaining all demurrers and exceptions urged by the plaintiff to the defendant's answer. Besides the general demurrer, there were various special exceptions, and the record furnishes us no light as to the ground or grounds upon which the court reached the conclusion that the pleading was insufficient. If the defendant's answer set up a prima facie cause of action, it was error to sustain a general demurrer, and the judgment must be reversed.

No rule of law is better settled than that which prohibits the introduction of parol evidence to vary the terms of a contract in writing; but the exceptions to the rule are equally well recognized, and perhaps emphasized by the certainty of the general principle. One of the exceptions to the rule, which is as well established as the rule itself, is that parol evidence is admissible to show the real consideration of a deed, and in actions between the parties the recitals in the deed with reference to the consideration are not conclusive. Johnson v. Elmen, 24 Tex. Civ. App. 43, 59 S. W. 605, and cases there cited (s. c., 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845); Springman v. Hawkins, 52 Tex. Civ. App. 249, 113 S. W. 966; Syler v. Culp, 138 S. W. 175; Pope v. Taliaferro, 51 Tex. Civ. App. 217, 115 S. W. 309; Lanier v. Foust, 81 Tex. 187, 16 S. W. 994; Taylor v. Merrill, 64 Tex. 496; Womack v. Wamble, 7 Tex. Civ. App. 273, 27 S. W. 154. It remains then only to determine on the questions of the general demurrer, whether the matter set up in appellant's amended answer falls within this exception. We think it does.

The allegations in appellant's answer, if true, show that his reluctance to enter into the debt sued upon was overcome by the alluring promises of assistance from the owners of the land. He informed them that he was without means and could not hope to be able to meet the payments they would require of him, but upon their promise to furnish him 600 goats to run on the place he was reassured and met their conditions. From the 100 goats that were furnished to him he alleges that he realized a profit of $273. If this were proven, it would be strong evidence that his expectation that he could pay for the land out of the profits on 600 goats was well founded and a convincing circumstance in favor of his contention that this promise was the main consideration which induced him to make the purchase. The agreements and promises which appellant alleges were made by appellees, if made, furnished an inducement to the appellant to enter into the trade which he alleges was absent until those promises and agreements were made. Such agreements of inducement when pleaded as a defense or offset can be shown by parol testimony, when not inconsistent with the express terms of the contract. Downey v. Hatter, 48 S. W. 32; N. Y. Life Ins. Co. v. Thomas, 47 Tex. Civ. App. 149, 104 S. W. 1074; Martin v. Rotan Grocery Co., 66 S. W. 212; 1 Greenleaf on Ev. § 284; Wharton on

Ev. § 1037; Pishkos v. Wortek, 18 S. W. 788; Hansen v. Yturria, 48 S. W. 795.

We conclude, therefore, that the court erred in sustaining appellee's general demurrer to appellant's amended original petition.

Appellant's second, third, fourth, fifth, and sixth assignments of error assail the action of the court in sustaining the plaintiff's special exceptions to his amended answer. We have examined these special exceptions and find that they attack the substance of appellant's cause of action and do not in any manner relate to the form of the pleading or the manner of stating the cause. They are in fact only general demurrers directed at special portions of the appellant's pleading and as such were no doubt treated by the trial court. Donnell v. Currie, 131 S. W. 88; Parker v. Naylor, 151 S. W. 1096; Cheek v. Herndon, 82 Tex. 146, 17 S. W. 763; Railway v. McElmurry, 33 S. W. 249.

We conclude that it was error to sustain exceptions to appellant's pleadings, and the judgment of the lower court will therefore be reversed and the cause remanded.