George BEGGS, III, et al., Appellants,

v.

**TEXAS ELECTRIC SERVICE COMPANY,**
Appellee.

No. 16677.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 5, 1965.

Rehearing Denied Dec. 10, 1965.

Lattimore & Lattimore, and Hal M. Lattimore, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Cravens & Scarborough, and H. Carter Burdette, Fort Worth, for appellee.

LANGDON, Justice.

Suit was instituted by the appellants as trustees for the fee owners of a 3,323 acre ranch and by the Lessee, to obtain additional compensation for an easement across said ranch which was taken under threat of condemnation by the appellee. Trial was to a jury.

Briefly stated the pleadings of the appellants are to the effect that an agent of the appellee represented to them that if they would accept payment by it of $1,100.00 and execute an easement under which appellee could enter upon the ranch and construct eleven (11) towers and lines that the appellee, after construction was completed, would return and pay to appellants additional damages. That this arrangement was requested because appellee did not want other owners of land which it must cross to know it was paying more than $100.00 per tower for easements. The appellants agreed to the arrangement, signed the easement and were paid the $1,100.00 by appellee. That after the construction of the towers and lines were completed the appellee's agent denied that he agreed to the arrangements above set out and refused payment of the additional damages to the ranch which amounted to $13,000.00. At this point, the appellants for the first time, according to their pleadings, learned that the original representations—(of appellee through its agent)—"were in fact false, to-wit: The original representations of (agent) to the effect that full compensations and damages would be paid after the lines and towers were erected were material. The trustees believed these material representations to be true and would not have delivered the easement instrument and accepted the advance payment but for such representations and their belief in the truth thereof."

That because of the fraudulent misconduct the value of the ranch has been diminished.

The jury found that the agent of appellee made the representations complained of; that the representations were believed, were material in inducing execution of the easement and that same were false at the time made (Special Issue No. 10); that appellants did not know until after the towers were erected that appellee did not intend to pay them any additional money; that the sums of money paid appellants were grossly inadequate (Special Issue No. 14) and that the checks delivered to appellants and the receipts or releases executed by appellants did not constitute the full agreement and did not provide the total consideration to be received by appellants. Answers of the jury to other issues as to the value of the land contained in the easement before and after the taking would have entitled appellants to judgment in the sum of $1,900.00.

Motions for judgment were filed by appellants and appellee. The court disregarded the answers of the jury to Special Issues Nos. 2, 10 and 14 and entered a take nothing judgment against appellants.

In disregarding such answers of the jury and entering the judgment it did, the court apparently relied upon the contention that the fraud issues were not properly plead, had no evidence to support them and that the parole evidence rule was applicable. We disagree with this conclusion. Taken as a whole and considering the language above quoted the pleadings contain the basic elements of fraud and support the issues based thereon. The issues and the jury's answers thereto are supported by the evidence. Under the authority of Dallas Farm Machinery Company v. Reaves, 158 Tex. 1, 307 S.W.2d 233 (1957), the parole evidence rule has no application to the facts of this case.

"('Fraud is always a matter of false representations; and how is it that extrinsic representations are as warranties to be ignored but as fraud to be admitted? The

explanation seems to be that the vital additional element in fraud is the party's state of mind, which neither can be nor is intended to be embodied in the written document, and that hence the rule does not forbid considering it wherever it is the vital element of the claim.'); Elliott on Contracts, Vol. 1, sec. 70 ('If one is induced to go through the form of making a contract because of some fraud or misrepresentation made by the other party or his agent, relative to a material element of the agreement, such that if he had know the truth he would not have given his assent, the contract may be avoided by him. There can be no real assent when it is induced by fraud.'); Vol. 2, sec. 1650; McCormick and Ray, Texas Law of Evidence, Second Ed., Vol. 2, sec. 1644 ('* * * it is only when the oral expressions are relied on as warranties, that is, as parts of the contract, as being obligations intentionally assumed, that the Parol Evidence Rule applies. If they are relied on as misrepresentations and the theory of recovery or defense is fraud, then the Parol Evidence Rule is clearly without application. On the latter proposition there has been some apparent wavering in Texas cases where the writing contained a disclaimer of warranties, or "merger clause". Yet even here the sounder authority seems to admit extrinsic agreements for the purpose of avoiding the instrument for fraud.'); Black on Rescission and Cancellation, Vol. 2, sec. 408. For interesting comments on Texas cases, see 21 T.L.R. 811, 27 T.L.R. 361, 366, and 31 T.L.R. 906." Dallas Farm Machinery Company v. Reaves, 158 Tex. 1, 307 S. W.2d 233, (1957); Barr v. Southwest Wholesale Furniture and Appliance Co., 331 S.W.2d 343 (Fort Worth Civ.App., 1960, no writ hist.).

■ To state a cause of action for fraud based on false representation the plaintiff is required to show that the defendant made the representation, that such was as to a material fact, that it was false when made, that the representation was made with intent to induce the plaintiff to do or refrain from doing some act; that the plaintiff re-

lied upon the representation—that is he believed it to be true and was induced thereby to act as he did and thereby sustained injury. 25 Tex.Jur.2d 625, p. 626, § 13 (Fraud and Deceit.)

Under the pleadings and the evidence it is undisputed that the agent of the appellee was assigned the duty of acquiring right of way and that whatever he did or said was for the purpose or with the intent of inducing the appellants and others to execute easements.

The judgment is accordingly reversed and judgment here rendered for the appellants in the sum of $1,900.00 with interest at six per cent from March 18, 1965, date of the trial court's judgment.

Reversed and rendered.