Irene DOBBS, Appellant,

v.

CAMCO, INCORPORATED, Appellee.

No. 15481.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 5, 1969.

Rehearing Denied Sept. 18, 1969.

Second Rehearing Denied Oct. 16, 1969.

Les Fleming, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Russell Talbott, Houston, for appellee.

PEDEN, Justice.

Plaintiff, Mrs. Irene Dobbs, filed this appeal from the granting of a summary judgment in favor of the defendant, Camco, Inc., who had been the employer of her deceased former husband, Olan Dobbs. Mrs. Dobbs' petition asserted that she was damaged by being deprived of the proceeds of Olan Dobbs' group life insurance policy by Camco's negligence in handling the form by which her former husband allegedly designated her as the new beneficiary of the policy.

Camco submitted evidence that Olan Dobbs sought and received a change of beneficiary form which he could have used to make the appellant his beneficiary but contends that since he did not sign the form the change was never made.

In her verified petition appellant alleged that her husband, Olan Dobbs, died on June 12, 1966, while in the employ of Camco. He was insured under a group insurance contract between Camco and the John Hancock Mutual Life Insurance Co. which provided that his designated beneficiary would receive $6,000.00 upon his death. After he and the appellant had married on July 4, 1964, each had made a will naming the other as beneficiary and each had carried out their plan to make the other the beneficiary of the life insurance policies that each held. On September 8, 1964, Olan Dobbs issued instructions to an officer or employee of Camco to change the beneficiary of the policy so that she would be made the beneficiary, and Camco's agent prepared the form to make this change. She said her husband executed the change form and Mr. Soucek, an officer of Camco, recognized and accepted it.

Further, that Soucek ignored the insurer's established procedure and his duty to promptly notify the insurance carrier of the change in beneficiary and apparently discarded the change form; accordingly, when Olan Dobbs died the insurer had no record of the change and rejected appellant's claim for payment. She contends that Soucek's negligent failure to notify the insurer was the direct and proximate cause of appellant's loss of the proceeds of the policy. The loss of these funds has caused and will cause her to be damaged in the sum of $260,000.00. She also prayed that she recover exemplary damages of $250,000.00, asserting that Soucek intentionally ignored his duty to her as the new beneficiary and took no action to notify the insurer of the change in beneficiary. He discarded the change form and this constitutes gross negligence by a responsible officer of the defendant company.

Still pending is a separate suit in which Mrs. Dobbs seeks the proceeds of the policy, naming as defendants the insurer and a Mrs. Navarro, who was the named beneficiary when Olan Dobbs allegedly sought to make the appellant the beneficiary of the policy. Camco has not sought to abate the trial of the instant suit pending disposition of the other one.

In response to Camco's interrogatories, Mrs. Dobbs admitted that although she thinks Olan Dobbs signed a form making her the beneficiary of his insurance policy, she was not with him when he went to the Personnel Department of Camco and requested such form and she has not seen "the original copy of the said change of beneficiary form signed by the said Olan D. Dobbs * * *"

By affidavit filed in opposition to the appellee's motion for summary judgment, Mrs. Dobbs stated that her deceased husband had on September 8, 1964, given to her the "acknowledgment" signed by Soucek of receipt of Dobbs' change of beneficiary form. Further, that she and Olan Dobbs accepted such notice and relied on it as evidence that he had done everything necessary to effect the change and that she had been made the beneficiary of

the policy. She attached to her affidavit the copy of the change form which she says was given to her by her husband. Its pertinent parts are:

"JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY
BOSTON, MASSACHUSETTS
GROUP ADMINISTRATION DEPARTMENT

| CAMCO, INCORPORATED | 16108 |
|---|---|
| Policyholder's or Employer's Name and Address | Control No. |

Section 1—Change of Beneficiary

"I, _____OLAN O. DOBBS_____ , hereby revoke all previous nomi-
Name of Insured Person
nations of beneficiaries ___ together with any election of Optional Methods
of Settlement ___ under

CHECK X a. Certificate # ___196___ Group Life Policy # ___16108___
ONE                                           Group Accidental Death
OR    X b. Certificate # ___196___    & Dismemberment
BOTH    Policy # ___16108___

"I nominate the following beneficiary (ies) with respect to all insurance now or hereafter provided under said policy (ies) in lieu of those revoked above, still reserving to myself the privilege of other and further changes, subject to the provisions of the policy or policies.

| DOBBS | Irene | | Wife | 47 |
|---|---|---|---|---|
| Last Name | First Name | Middle Initial | Relationship | Age |

" * * *.

"This change of beneficiary shall take effect as provided for in the policy (ies), and when received as so provided, the change shall be operative as of the date of this instrument whether or not I am alive at the time of such receipt, but without prejudice to the Company on account of any payment made by it before such receipt. The Company shall not be bound by any trust deed, and shall not be liable for the application of monies by a trustee beneficiary.

" * * *.

"I HEREBY AUTHORIZE the changes in Section 1 and/or II.

"Date   Sept. 8, 1964                                     
                                        Signature of Insured Person

ACKNOWLEDGMENT

"The authorized change(s) set forth in the foregoing instrument are hereby acknowledged.

"Dated at   Houston, Texas         Camco, Incorporated

"On   Sept. 8,    1964        /s/   Clarence E. Soucek
                                           Clarence E. Soucek

NOTICE

"This instrument, after the acknowledgment section has been completed, will be returned to you to be filed with your certificate(s). The change in Beneficiary and/or change in name will not be endorsed on your certificate(s).

"REMOVE CARBON PAPER BEFORE SENDING FORM THROUGH THE MAIL"

———◆———

Mr. Soucek stated in a deposition that in 1964 and 1965 he was assistant secretary of Camco and was in charge of the Personnel Department. He was the one who witnessed the signing of the form by those employees who wanted to change their beneficiary.

He remembered that after Mr. Dobbs' first wife died in April, 1964, Mr. Dobbs changed the beneficiary of his policy to Mrs. Navarro. A Mrs. Starnader customarily kept the forms used for this purpose, and on September 8, 1964, Mr. Dobbs came to Soucek's office and asked for some forms to take home. Mrs. Starnader gave him some. Soucek stated that he did not know anything more about the form and did not remember signing the acknowledgment blank at the bottom of it, but that the signature on that part of the form appeared to be his own. He left Camco about a year later.

In support of its motion for summary judgment, Camco filed three affidavits. Its president, Harold E. McGowen, Jr., attached a copy of the group insurance policy to his affidavit. The policy contained this provision:

"Beneficiary. The employee may from time to time change the beneficiary under his Life Insurance hereunder by filing written notice thereof with the Employer. After such written notice has been received, the change shall relate back to take effect as of the date the employee signed said written notice of change whether or not the employee be living at the time of the receipt of such written notice but without prejudice to the Company on account of any payment made by it before receipt of such written notice.

" * * * ."

The affidavit of Roland Bush states that he was personnel manager for Camco when Olan Dobbs died and for many months thereafter. He had custody of Camco's group life insurance files, it being customary for Camco to keep the beneficiary designation papers of each employee until his death and then to forward them to the John Hancock company. When he heard of Olan Dobbs' death he searched the files for designation of Dobbs' beneficiary and found that on May 21, 1963 Dobbs had signed a form designating his then wife, Camilla, as beneficiary and on April 21, 1964 he had signed a form changing his beneficiary to Mrs. Navarro. He also found a change form dated September 8, 1964 naming Mrs. Irene Dobbs as his beneficiary, but that form was not signed by Olan Dobbs, and the files did not contain a signed form designating her as his beneficiary.

Shirley R. Hart's affidavit states that she was the employee in the office of the John Hancock company in Boston, Mass., who handled the correspondence with Camco concerning the death of its employee, Olan Dobbs. John Hancock's practice regarding changes in beneficiary was that the policyholder, such as Camco, should retain those changes in its files until the death of the employee, at which time they were to be submitted to the home office of John Hancock.

Shortly after June 12, 1966, in her capacity of handling claims she received Olan

Dobbs' enrollment card designating Camilla Dobbs as beneficiary, a signed change of beneficiary card naming Geraldine Navarra as beneficiary and an unsigned change .of beneficiary form naming Irene Dobbs as the new beneficiary.

In her brief Mrs. Dobbs expressly states that her assertion of liability against Camco is not predicated on Olan Dobbs' having signed the change of beneficiary form but upon Camco's having given him the employee's copy of the form; on it Soucek acknowledged receipt of the change, thus representing to Dobbs and the appellant that she had been designated as the beneficiary. Appellant says that she and her husband had a right to rely on this representation and did so to their detriment and her loss.

We overrule appellant's first five points of error, which assert that the issues of material fact, which we now notice, were raised in the trial court.

■ First. Did Olan Dobbs sign the form changing his beneficiary to Irene Dobbs? Appellant has conceded in oral argument to this Court that the evidence does not raise this issue and in her brief states that she does not base her allegations of Camco's liability on his having signed the form, so the fact issue, if any, is not a material one.

Second. Did Camco have authority to accept and effect changes of beneficiary upon request of its employees who were insured under the group contract in question? We have examined the contract and find nothing in it granting this authority to Camco. It merely authorized Camco to receive and file a written change of beneficiary form and to forward it to John Hancock on the death of the employee. Nor do we find anything else in the summary judgment "evidence" which would raise such an issue.

Third. Did the September 8, 1964 actions of Camco's employees and officers with respect to Olan Dobbs' change of beneficiary form constitute an acceptance by Camco of the requested change of beneficiary? As we have noted, there is no fact issue as to whether Olan Dobbs signed the form by which he could have made a change of beneficiary, and there is no issue as to whether Camco had authority to effect a change of beneficiary, so this issue, if raised, would not be a material one. Camco was authorized to receive a change of beneficiary form but not to accept it on behalf of John Hancock.

Fourth. Assuming Camco's actions constituted its acceptance of a change of beneficiary by Olan Dobbs, was Camco negligent in acknowledging and accepting this change so as to cause Camco to be liable to appellant for her loss of the proceeds of the policy? This point is predicated on the raising of the issue of material fact set out in appellant's third point of error. That issue was not raised, so this point must also be overruled.

■ Fifth. Appellant asserts that issues of material fact were raised as to 1) whether Camco's action in connection with the request of Olan Dobbs to change the beneficiary to Irene Dobbs was such as to misrepresent to them that she had been made the beneficiary, 2) whether Mr. and Mrs. Dobbs relied on such misrepresentation, if any, to their loss, and if so, 3) whether they had a right to rely on it. This point is also overruled. It is apparently founded on the theory of actionable fraud based on a false representation, but there is nothing in the record which raises a fact issue as to whether Camco's representation, if any, was made with intent to induce Mrs. Dobbs (or Mr. Dobbs) to do or refrain from doing some act. Such intent is a necessary element of that theory of recovery. Klindworth v. O'Connor, 240 S.W. 2d 470 (Dallas Tex.Civ.App., 1951, writ ref., n. r. e.); Beggs v. Texas Electric Service Co., 396 S.W.2d 461 (Ft. Worth Tex.Civ. App. 1965, writ ref., n. r. e.); 25 Tex.Jur. 2d 627, Fraud and Deceit § 13, citing numerous cases.

Appellant's sixth point is that the trial court erred in granting summary judgment because her petition states a valid cause of action on the theory that Camco was negligent in acknowledging and accepting and processing the requested change of beneficiary to her if it had not been signed by Olan Dobbs and this negligence was the proximate cause of her loss of the proceeds of the policy. We overrule this point; appellant's petition does not state a cause of action on such theory. In her petition the appellant is consistent in alleging that Olan Dobbs did sign the change of beneficiary form.

We also overrule appellant's last point of error. It states that the trial court erred in granting Camco's motion for summary judgment because the appellant's petition states a valid cause of action against Camco on the theory of estoppel arising from its misrepresentations to Mr. and Mrs. Dobbs that the change of beneficiary to the appellant had been effected by Camco when, according to Camco, no such change had been made because Olan Dobbs had not signed the form; he and his wife had a right to rely on the misrepresentations and did so to their loss.

We have examined appellant's petition, and we find that it does not state a cause of action on the theory of estoppel, nor does it allege facts which would give rise to that theory. As we have stated, appellant consistently alleged in her petition that Olan Dobbs did sign the form in question. Further, estoppel is defensive in character and does not in itself create a new right or cause of action. It operates only to protect the person invoking it in a right previously acquired or from a loss already inflicted. Washington National Insurance Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854 (1937); Southland Life Insurance Co. v. Vela, 217 S.W.2d 660 (Tex. Sup. 194); 22 Tex.Jur.2d 661, 662, Estoppel, § 3.

The judgment of the Trial Court is affirmed.

On Motion for Rehearing

Appellant now urges, relative to her second, third and fourth points of error, that Camco had apparent authority to accept and process an employee's change of beneficiary, but appellant's points of error cannot be expanded to include the theory of apparent authority. They clearly referred to actual authority.

There is another and perhaps more compelling reason why the judgment in this cause should be affirmed. The insurance contract is in evidence. It requires that the change of beneficiary be in writing, but we do not find any requirement that the change be signed by the insured. Since it need not have been signed by Dobbs, the summary judgment evidence in the record raises no issues of material fact which could be the basis of any recovery against Camco on any of the theories raised by appellant: negligent acceptance of an unsigned change form, misrepresentation or estoppel.

Appellant's motion for rehearing is overruled.