RALLS–TEX MILL, INC., et al., Appellants,

v.

PLAINS WHITE TRUCK COMPANY, Inc., Appellee.

No. 7947.

Court of Civil Appeals of Texas.

Amarillo.

Aug. 4, 1969.

Rehearing Denied Sept. 8, 1969.

James F. Moore, Lubbock, for appellants.

Key, Carr, Evans & Fouts, Lubbock, for appellee.

DENTON, Chief Justice.

This suit was instituted by Plains White Truck Company against Ralls-Tex Mill, Inc. and Jean D. Smith, individually, for a deficiency after foreclosure against the vehicle secured by a chattel mortgage. At the conclusion of the plaintiffs' evidence, all parties moved for an instructed verdict. The trial court granted the plaintiffs' motion and rendered judgment for the plaintiffs against the two defendants jointly and severally. Both defendants have appealed.

The instrument sued upon was designated "Purchase Money Chattel Mortgage". It described the truck purchased by appellants from appellee; it gave the price of the truck; the amount of down payment represented by a 1956 Diamond T. truck; the unpaid balance; finance charge; and the amount and number of monthly payments. The contract was signed by Ralls-Tex Mill, Inc., by Jean D. Smith as President and by Smith individually, and was accepted by the president of the appellee company. Appellee subsequently transferred and assigned the contract to Commercial Credit Corporation with payments to be made directly to Commercial Credit. When the payments were in default Commercial Credit transferred and assigned the con-

tract back to appellee on its recourse obligation. Appellee then exercised its right to nonjudicial foreclosure under the terms of the mortgage and sold the truck at private sale for $4,000.00. Appellee brought this suit for the deficiency between the price it paid to Commercial Credit and the price received from the private sale.

Appellants pleaded Ralls-Tex Mill was a corporation organized to manufacture cotton bagging; that it was not in a position to lease or purchase its own trucks; that it entered into an agreement with Ralls-Tex Transfer, a partnership composed of C. E. Hollis and W. A. Miller, to take title in the truck in the name of Ralls-Tex Mill; with payments to be made by Ralls-Tex Transfer; that neither Ralls-Tex Mill nor Smith would be looked to in the event of default of the payment of the purchase price; and that appellee knew of this arrangement through its dealings with Miller and Hollis. Appellants take the position they were not purchasers of the truck; that there was no note executed, and the chattel mortgage was non-negotiable; that they were accommodation makers; and that since they were not the owners of the truck they could not mortgage it. Appellants offered no evidence to support these allegations.

The instrument sued upon was admittedly signed by the appellants as purchasers. They acknowledged receipt of the vehicle. The pleading that Ralls-Tex Transfer was the owner and the party to make the payments is not supported by the evidence. However, the evidence to that effect would be inadmissible, in violation of the parol evidence rule. It is well settled that in the absence of pleaded fraud, accident or mistake, an unconditional written instrument cannot be varied or contradicted by parol agreement that the maker would not be held liable according to the tenor of the instrument. McPherson v. Johnson (Tex.Civ.App.), 436 S.W.2d 930 (ref., n. r. e.). Steve Lynn Motor Company v. Pavelka (Tex.Civ.App.), 371 S.W.2d

928. Robertson v. City National Bank, 120 Tex. 226, 36 S.W.2d 481 (Opinion adopted). Fisher v. Howard (Tex.Civ.App.), 389 S.W.2d 482.

Appellant challenges the instrument sued upon because they say it is not a note and that the instrument is non-negotiable. The instrument provides for an unconditional promise to pay a sum certain in specified monthly installments beginning on a certain date. The fact that the instrument includes a chattel mortgage does not alter the unconditional promise to pay a sum certain in fixed installments. The instrument, not payable to order or bearer, lacked an essential element to make it a negotiable instrument. Article 5932, Section 1(4), Vernon's Ann.Civ.St. Clay-Butler Lumber Company v. W. H. Pickering Lumber Company, 276 S.W. 664 (Com. App.). General Motors Acceptance Corporation v. Matson (Tex.Civ.App.), 336 S.W.2d 628. However, the suit here is between parties to the instrument. The plaintiffs' cause of action is not dependent upon the negotiability of the instrument. Strom v. Dickson (Tex.Civ.App.), 360 S.W.2d 823. Jones v. Hortenstine (Tex.Civ.App.), 291 S.W.2d 761.

Appellants next contend they were the accommodation makers. Appellants pleaded, but offered no testimony in support of it, that Ralls-Tex Transfer was the true owner of the truck although title was to be in Ralls-Tex Mill, Inc.; that although the contract was signed by Ralls-Tex and Smith, Ralls-Tex Transfer was to make the payments. In the absence of such proof, Ralls-Tex Mill and Smith cannot be relieved of liability, however proof of such an arrangement would not relieve these appellants of liability. Here Ralls-Tex Transfer, the alleged party accommodated, was not a party to the instrument. In such a case, even though the payee named in the note knows the maker is an accommodated party, he may sue such party without joining any other person. Reed v. Buck (Sup.Ct.), 370 S.W.2d 867. Section 29 of Article 5933, V.A.C.S.

**920**

 Complaint is made to the admission into evidence of the written interrogatories of Dale Lanier, appellee's salesman who completed the sale of the truck to appellants. The questions submitted and answers of Lanier were read into the record over appellants' objection that the deposition did not show Lanier had been sworn, and that it did not show it had been taken before an authorized officer under the laws of this state. However, the certificate upon which the objections were made was not brought forward in this record. It appears from the statement of facts and by brief the deposition was taken in Birmingham, Alabama and that the certificate reflects it was taken before a "commissioner" and "Notary Public State-at-Large". In the absence of the certificate in the record there is nothing for this court to review. The burden is upon the appealing party to support its contention of error with a record which reflects the circumstances and subject matter of the trial court's ruling. Sanchez v. Carey (Tex. Civ.App.), 409 S.W.2d 458. Layne Glass Company v. Parker Glass & Mirror Co. (Tex.Civ.App.), 340 S.W.2d 363. Be that as it may, we do not think appellants' objections were well taken. Article 3746 refers to officers authorized to take depositions. Section 2 of that Article provides:

> "If the witness be alleged to reside or be without the State, and within the United States, to any clerk of a court of record having a seal, *any notary public*, or any commissioner of deeds duly appointed under the laws of this State within some other State or territory." (Emphasis added.)

This provision does not require the notary public to be "of the proper county" as provided in Section 1 of this article, dealing with witnesses who reside or are within this state. It appears the Alabama officer was authorized to execute Lanier's deposition. It is to be further noted appellants' objection was not timely filed under Rule 212, Texas Rules of Civil Procedure.

 Finally, it is contended the court erred in rendering a joint and several judgment against Jean D. Smith for attorneys' fees. Plaintiffs' pleadings, which incorporated the contract sued upon, alleged a cause of action against both Ralls-Tex Mill, Inc. and Smith individually, and prayed for an amount equal to 15% of the unpaid balance due as reasonable attorneys' fees as provided for in the written contract. The judgment gave full relief based upon the allegations in the petition. The joint and several judgment was proper. Murchison v. Ballard (Tex.Civ.App.), 178 S.W.2d 554.

The judgment of the trial court is affirmed.