Estate of Peter F. LUCAS, Appellant,

v.

L. D. WHITELEY et al., Appellees.

No. 8761.

Court of Civil Appeals of Texas, Amarillo.

April 29, 1977.

Rehearing Denied May 23, 1977.

Thompson, Knight, Simmons & Bullion, Stephen F. Fink, Dallas, for appellant.

Bill A. Davis, Lubbock, for appellees.

REYNOLDS, Justice.

The estate of a mentally incompetent was adjudged liable on a promissory note to which the incompetent's name was affixed pursuant to a power of attorney signed, so the jury found, during incompetency. The adjudication came after the jury further determined that plaintiff holders of the note gave valuable consideration, albeit not to the incompetent, for the note and dealt with the incompetent in good faith, without fraud or imposition, and without knowledge of his mental incapacity. Given the jury's findings, we hold that the incompetent's liability on the note was avoided. Reversed and rendered.

On 13 April 1973, the names of Capital K Investment Corporation and Peter F. Lucas were affixed to a promissory note by Nasib Ed Kalliel as president of the corporation and as attorney-in-fact for Lucas. The note is in the principal sum of $120,000, bears interest at the rate of eight per cent per annum, and is payable to the order of J. W. Chapman & Sons in annual principal installments of $20,000 plus accrued interest, beginning 1 April 1974. The note was executed in connection with L. D. White-

ley's sale of the Le Chateau Apartments in Lubbock, Texas, to Capital K Investment Corporation.

The power of attorney under which Kalliel acted was a special one signed by Lucas on 12 April 1973. In a judicial proceeding of 11 June 1973, Lucas was adjudged a person of unsound mind.

A $25,000 payment was made on the note on 28 June 1973. After no other payment was made, plaintiffs L. D. Whiteley, Homer Porter and J. W. Chapman & Sons, a partnership composed of Ray Chapman and Harold Chapman, all alleging to be holders in due course of the note, instituted this suit to recover from Capital K Investment Corporation and Virginia L. Nick, in her capacity as Guardian of the Estate of Peter F. Lucas, the principal balance and accrued interest on the note, together with reasonable attorney's fees.

For Lucas, there was interposed, among the reasons for nonliability, the defense that he was of unsound mind and mentally incapable of acting rationally when the power of attorney was executed. No answer was filed on behalf of Capital K Investment Corporation and, when the corporation failed to appear for trial, a judgment nihil dicit was rendered against it in favor of plaintiffs.

Following a trial before a jury, the jury returned its verdict which, corresponding to the numbered special issues, was that: (1) Lucas personally signed the power of attorney dated 12 April 1973; (2) when he was mentally incompetent; (3) plaintiffs did not give Lucas valuable consideration for the note; (4) plaintiffs were acting in good faith in their dealing with Lucas at the time the note was executed; (5) they were acting without fraud or imposition; (6) they had no knowledge of Lucas' mental incapacity; (7) plaintiffs gave valuable consideration in exchange for the note; (8) there was no agreement that the $25,000 payment would be applied to the final payments on the note; and (9) $16,000 would reasonably compensate plaintiffs as payment for reasonable attorney's fees.

Accepting the verdict, the trial court rendered judgment that plaintiffs recover from the corporation and the estate of Lucas the sum of $141,235.06 as principal, interest and attorney's fees on the note, together with postjudgment interest, and that the estate of Lucas have judgment against the corporation, by way of contribution, for the sum of $62,073.53, with postjudgment interest.

Only the estate of Lucas has appealed. The essence of the sole point of error is that the trial court erred in not rendering a take-nothing judgment as to Lucas' estate because the jury's answers to special issues 2 and 3 established the defense of mental incompetency which avoided liability. We agree and, for the reasons stated below, sustain the point.

■ In joining the issue, the parties have not challenged any answer given by the jury. Conclusive, then, is that Lucas was mentally incompetent when he executed the power of attorney by authority of which Kalliel affixed Lucas' name to the note. It follows, from the principle early confirmed in Texas, that the power of attorney and the resulting note as it obligates Lucas is not void, but only voidable at the election of Lucas or his legal guardian. *Williams v. Sapieha*, 94 Tex. 430, 61 S.W. 115, 116 (1901). And it has been held that the avoidance is not barred by the showing, as shown here by the jury's determinations with respect to the note, that an instrument was obtained in good faith for a valuable consideration and without fraud. *Mitchell v. Inman*, 156 S.W. 290, 292 (Tex.Civ.App.—Fort Worth 1913, writ ref'd). Notwithstanding, plaintiffs contend that under these elements of the verdict, Lucas' avoidance of liability on the note is precluded by the Texas Uniform Commercial Code (1967), V.T.C.A., Bus. & C. § 3.305, and, until plaintiffs are restored to their original position, by Vernon's Ann.Civ.St. art. 5561a, § 7 (Supp.1976).

V.T.C.A., Bus. & C. § 3.305, speaks to the rights of a holder in due course, the status conferred on the payee-holder of the note, J. W. Chapman & Sons, by the jury's findings that plaintiffs gave valuable considera-

tion for the note, they were acting in good faith in their dealings with Lucas at the time the note was executed, and they had no knowledge of Lucas' mental incapacity. *Riley v. First State Bank, Spearman, Texas,* 469 S.W.2d 812, 816–17 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.). As material here, that section provides, effective 1 September 1967, that:

> To the extent that a holder is a holder in due course he takes the instrument free from

> \* \* \* \* \* \*

> (b) all defenses of any party to the instrument with whom the holder has not dealt except

> \* \* \* \* \* \*

> (2) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and

> \* \* \* \* \* \*

Therefrom, plaintiffs argue that the obligation of Lucas on the note is not a nullity under the rationale of *Williams v. Sapieha, supra,* and its progeny, and thus, by force of the enactment, plaintiffs, or at least the holder in due course, J. W. Chapman & Sons, took the note free from the defense of incapacity. The argument is bolstered by Comment 5 under § 3.305, which recites:

> Paragraph (b) of subsection (2)(sic) is new. It covers mental incompetence . . .. Its existence and effect is left to the law of each state. If under the local law the effect is to render the obligation of the instrument entirely null and void, the defense may be asserted against a holder in due course. If the effect is merely to render the obligation voidable at the election of the obligor, the defense is cut off.

We do not reach the efficacy of the argument. V.T.C.A., Bus. & C. § 3.305(b) becomes operative only if the holder in due course "has not dealt" with the party to the instrument. Explicit is the jury's special issue no. 4 finding that plaintiffs dealt with Lucas in good faith. Although plaintiffs do not challenge the finding, they emphasize

that they had no direct dealings with Lucas. The emphasis lacks impressiveness.

 Relevant is that portion of V.T.C.A., Bus. & C. § 1.103, which reads: "Unless displaced by the particular provisions of this title, the principles of . . . principal and agent . . . shall supplement its provisions." Foremost among those principles is that one who authorizes another to act for him acts as if he himself had personally acted, *Wright v. Calhoun,* 19 Tex. 412, 422 (1857); the resulting contract made by and in the name of the principal through the agent binds the principal, not the agent. *Diacomis v. Wright,* 34 S.W.2d 806, 807 (Tex.Comm'n App.1931, holding approved). To this extent, both the principal and the agent are only one person; thus, a promissory note executed by an agent for and with that authority from his principal is as if executed by the principal himself. *Julian Petroleum Corporation v. Egger,* 15 S.W.2d 36, 39 (Tex.Civ.App.—Fort Worth 1928, writ ref'd). As a consequence, and we hold that, when a third party deals with an agent exercising his special authority to execute an instrument by and in the name of his principal, the third party deals, within the contemplation of V.T.C.A., Bus. & C. § 3.305(b), with the principal. Accordingly, the avoidance of Lucas' liability is not precluded by the provisions of V.T.C.A., Bus. & C. § 3.305.

Neither do we credit V.A.C.S. art. 5561a, § 7, with preventing Lucas' avoidance until plaintiffs are restored to the original position. Summarized, that statute provides that a contract valid on its face made by one later shown to be incompetent and entered into in good faith without fraud or imposition and for a valuable consideration shall not be avoided because of the incompetency unless the parties to such contract shall have been first equitably restored to their original position. This legislation, first enacted effective 21 August 1937, is but a declaration of prior law. See *Williams v. Sapieha, supra,* at 118, where the court recognized the principle of restoration as a prerequisite to avoidance, but said that in the absence of proof that the incompe-

tent had the consideration in his possession, restoration was not required. A fortiori, where, as the jury found here, the incompetent seeking to avoid liability never received any of the consideration, he would not be required to restore plaintiffs to their original position to avoid the transaction. *Accord, Houston Land & Trust Co. v. Sheldon,* 69 S.W.2d 796, 800 (Tex.Civ.App.— Eastland 1934, writ dism'd).

That portion of the trial court's judgment decreeing that L. D. Whiteley, Harold Chapman, Ray Chapman and Homer Porter recover from the Estate of Peter F. Lucas and that the Estate of Peter F. Lucas recover from Capital K Investment Corporation is reversed. Judgment is here rendered that L. D. Whiteley, Harold Chapman, Ray Chapman and Homer Porter take nothing from the Estate of Peter F. Lucas and that the Estate of Peter F. Lucas take nothing from Capital K Investment Corporation. Costs are taxed against L. D. Whiteley, Harold Chapman, Ray Chapman and Homer Porter, jointly and severally. Rule 448, Texas Rules of Civil Procedure.