PAN AMERICAN BANK OF
BROWNSVILLE, Appellant,

v.

William B. NOWLAND and George K.
Wilcox, Jr., Trustee, Appellees.

No. 16937.

Court of Appeals of Texas,
San Antonio.

March 23, 1983.

Rehearing Denied April 25, 1983.

71

Reese L. Harrison, Jr., San Antonio, for appellant.

Daniel R. Rutherford, San Antonio, for appellees.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a judgment rescinding a collateral pledge agreement executed by William B. Nowland, appellee, payable to Pan American Bank of Brownsville, appellant, awarding Nowland prejudgment interest of $30,000 and exemplary damages of $25,000.00, and further denying Pan American recovery on a promissory note executed by appellee-third-party defendant, George K. Wilcox, trustee for Nowland. Nowland appeals the denial of attorney's fees which were awarded by the jury but set aside by the trial court. We affirm in part and reverse and render in part.

Pan American brings twenty (20) points of error: Point of error one predicates error on the overruling of motions for instructed verdict and for judgment on the counterclaim (against Nowland) and cross-action (against trustee) since the evidence conclusively established Nowland's liability on the promissory note; points two through eight are premised on the existence of the defenses of ratification, waiver and estoppel; points nine and ten assert that the parol evidence rule mandated exclusion of evidence varying the terms of the collateral pledge agreement; points eleven through thirteen claim that individual fraud of Pan American was not pled and there was no evidence or insufficient evidence to support such a finding; points fourteen through seventeen proclaim there was no evidence or insufficient evidence to establish that Pan American acted willfully or was guilty of gross negligence or to support the jury's award of exemplary damages; point eighteen asserts court error in the partial exclusion of Franklin T. Graham's deposition; point nineteen proclaims incurably improper jury argument; and point twenty alleges error in the rescission of the collateral pledge agreement because Nowland did not request that relief in his pleadings.

Nowland brings two points of error contending, respectively, the trial court erred in granting Pan American's motion to disregard special issues and for judgment *non obstante veredicto* as to special issues nine [1] and eleven.[2]

Condo Rio, Inc., is a Texas corporation duly formed to develop a condominium project in Brownsville, Texas. On March 6, 1976, shareholders of Condo Rio, Inc., including Nowland, executed a Voting Trust Agreement to exist under a definite policy "to secure a union of a majority of the interests in order to develop properly the business opportunities of the corporation." George K. Wilcox was named trustee.

The operative period of the Agreement extended five years from the date of execution. The trustee's authority included discretionary power to execute loans in the name of the Trust. The agreement provided that all obligations entered into by the shareholders collectively or by the trustee, including "all debt obligations, sureties or guarantee agreements, shall be joint and several as to the shareholders."

Soon after the execution of the Agreement, the trustee and Nowland initiated loan negotiations with Pan American. Pan

1. Special issue number nine:
 Do you find from a preponderance of the evidence that the plaintiff William B. Nowland presented his claim to the defendant Pan American Bank thirty (30) days prior to the filing of such by the letter dated November 10, 1976?
 Answer, we do or we do not.
 We the jury answer: We do.

2. What do you find from a preponderance of the evidence to be necessary and reasonable attorney's fees for Daniel R. Rutherford for legal services rendered, or which may be rendered in the future, by him on behalf of William B. Nowland in the prosecution of this case?
 Answer in dollars and cents, if any, in the appropriate blanks;
 1. Attorney's fees, if any, from the beginning of the claim through trial and judgment: $31,000.00
 2. Attorney's fees, if any, through final judgment of the Court of Civil Appeals: $7,500.00
 3. Attorney's fees, if any, through refusal of application or writ of error to the Texas Supreme Court: $43,500.00
 4. Attorney's fees, if any, through final judgment of the Texas Supreme Court: $1,500.00

American agreed to loan the trustee $337,-000.00 to be collateralized dollar for dollar. The loan was bifurcated into $237,000.00 and $100,000.00 commitments. On May 10, 1976, Nowland executed a collateral pledge agreement which assigned to Pan American his $100,000.00 savings account on deposit in the Southwest Texas National Bank of San Antonio. On May 20, 1976, the trustee executed a $100,000.00 promissory note payable to the order of Pan American. After the trustee verified by affidavit that the Agreement was still operative, Pan American loaned the trustee, $100,000.00 on the strength of the collateral pledge agreement.

In April, 1977, Nowland, after accepting a commission for the use of his account as collateral and personally making one interest payment on the promissory note, brought suit against Pan American to obtain the return of the $100,000.00 savings account, claiming the collateral pledge agreement was subject to *an oral condition precedent that the $237,000.00 commitment was to be disbursed first and then only upon the collateralization of the entire sum of money.* Pan American sought to foreclose the collateral pledge and further cross-acted against Wilcox, the trustee, and counterclaimed against Nowland seeking recovery on the promissory note executed by the trustee for the Agreement.

We first address Nowland's two points of error which assert the impropriety of the trial court's denial of attorneys' fees. Consequently, the initial determination is the applicability in this suit of Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon Supp.1982) which provides for the recovery of attorneys' fees. Nowland filed suit to establish the breach of an oral condition precedent to a collateral pledge agreement [contract] on April 4, 1977. By his second amended original petition, filed May 21, 1980, Nowland sought to recover his attorneys' fees under article 2226, *supra,* which had been amended, effective June 6, 1979, to allow for the recovery of attorneys' fees in a suit founded on an oral or written contract.

 This court must look to the intent of the Legislature in construing the statute so as to effectuate that intent. *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982). The intention is to be found in the language of the statute itself. *Jones v. Del Andersen & Associates,* 539 S.W.2d 348, 350 (Tex.1976). The 1979 amendatory act to article 2226, *supra,* provides, in pertinent part:

Sec. 2. This Act is remedial in character and is intended to apply to all pending and future actions, regardless of the time of institution thereof or the accrual of any cause of action asserted.

1979 Tex.Gen.Laws, ch. 314, § 2, at 718. The statutory language clearly indicates the legislative intent to sanction the recovery of attorneys' fees in litigation pending at the time of the amendatory enactment. An action or suit is "pending" from the time of its inception until the rendition of final judgment. Black's Law Dictionary 1021 (5th ed. 1979). We find that the instant litigation constitutes a pending action as contemplated by the Legislature. Accordingly, article 2226, *supra,* is applicable.

 Article 2226, *supra,* does not require the presentment of claim to be made in any specific manner. *King Optical v. Automatic Data Processing of Dallas, Inc.,* 542 S.W.2d 213, 217 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). The claimant must claim and prove, however, a request for payment and a failure to pay for thirty (30) days. *Huff v. Fidelity Union Life Insurance Co.,* 158 Tex. 433, 312 S.W.2d 493, 500 (1958).

Nowland claims that plaintiff's exhibit twenty, a demand letter addressed to an officer of Pan American, satisfied the presentment requirements of article 2226, *supra.* At trial Nowland's counsel testified:

I hold in my hand Plaintiff's Exhibit, a letter dated November 10, 1976, addressed to Mr. John Kazynski, Pan American Bank, P.O. Box 2179, Brownsville, Texas 78250. The original of which was signed by me, and the original of which was placed in a wrapper, correctly addressed with the correct amount of postage and placed into a United States depository for the United States mail to be delivered to Mr. John Kazynski.

He did not state to the jury that he personally mailed the letter. The addressee of the letter testified that he never received the subject letter. Nowland contends that counsel's testimony was sufficient to uphold an inference by the jury that such letter was received by the addressee.

Direct testimony that a letter was properly enclosed in an envelope which was correctly stamped, addressed and deposited in the mail gives rise to a rebuttable presumption that it was duly received. *Southland Life Insurance Co. v. Greenwade,* 138 Tex. 450, 159 S.W.2d 854, 856–57 (1942). It is necessary that the mailing of the letter be proved, and this may be by direct evidence. If no direct evidence shows a person mailed the letter in question, an inference of mailing may be raised by showing the customary mailing practice in connection with the sender's business. *Cooper v. Hall,* 489 S.W.2d 409, 415 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). For reliance on office custom to support the inference of mailing, the party offering the letter must present corroborating circumstances to support the inference that the custom has been carried out. *Texas Employers Insurance Association v. Wermske,* 162 Tex. 540, 349 S.W.2d 90, 92 (Tex.1961). The statements made by Nowland's counsel at an in-chambers hearing that pursuant to "regular practice" he "put it [letter] in the United States mail" were made *outside the presence of the jury,* and as such, do not constitute direct evidence of *actual* mailing. Further, the record is devoid of any evidence corroborating the mailing of the letter by proof of the mailing custom of the sender's office. We find that there was no direct evidence of mailing; that the presumption of receipt was not raised by the evidence; and that the trial court correctly set aside special issues nine and eleven. We, accordingly, overrule Nowland's points of error.

Pan American's points of error nine and ten are premised on the contention that the admission of parol evidence to vary the terms of the collateral pledge agreement violated the parol evidence rule. The parol evidence rule is a rule of substantive law which denies efficacy to prior or contemporaneous expressions relating to the identical subject matter as that encompassed in the final written contract between the parties. *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958); 2 R. Ray, Texas Law of Evidence § 1601 (3rd ed. 1980). The purpose of memorializing an agreement is to definitely settle its terms and to exclude all oral understandings to the contrary. *Hobbs Trailers v. J.T. Arnett Grain Co., Inc.,* 560 S.W.2d 85, 87 (Tex.1977). Upon the execution of a valid integrated agreement with respect to a particular matter, the parol evidence rule precludes the enforcement of inconsistent prior or contemporaneous agreements. *Lewis v. East Texas Finance Co.,* 136 Tex. 149, 146 S.W.2d 977, 980 (1941). Prior conversations and negotiations are inadmissible since they are deemed to merge in the writing. *McPherson v. Johnson,* 436 S.W.2d 930, 932 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.).

Subsequent to the adoption of the Uniform Commercial Code, Tex.Bus. & Com. Code Ann. § 1.101 *et seq.* (Tex. U.C.C.) (1968), the categorization of an instrument determined which rules of law, statutory or decisional, would govern the admissibility of extrinsic negotiations in commercial transactions. *Pacific Products v. Great Western Plywood,* 528 S.W.2d 286, 291 (Tex.Civ.App.—Fort Worth 1975, no writ). Nowland contends that the parol evidence rule as modified and defined in the chapters dealing with commercial paper, Tex.Bus. & Com. Code Ann. §§ 3.101–3.805 (Tex. U.C.C.) (Vernon 1968), and security interests, Tex. Bus. & Com.Code Ann. §§ 9.101–9.507 (Tex. U.C.C.) (Vernon 1968), govern the admissibility of extrinsic evidence regarding the instant collateral pledge agreement. We do not agree.

A writing to be considered a negotiable instrument must comport with requirements enunciated in § 3.104, *supra,* which are, in pertinent part:

(a) Any writing to be a negotiable instrument within this chapter must

(1) be signed by the maker or drawer; and

(2) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this chapter; and

(3) be payable on demand or at a definite time; and

(4) be payable to order or to bearer.

It can be seen that the assignment of the savings account executed by appellant in favor of appellee was not made payable "to order" or "to bearer" and hence is not a negotiable instrument. *Ralls-Tex Mill, Inc. v. Plains White Truck Co.,* 446 S.W.2d 917, 919 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.). Further, the assignment of a savings account does not create a security interest since the transfer of an interest in any deposit account is not considered a secured transaction. § 9.104(12) (Vernon Supp. 1982–83), *supra.* We, therefore, find that the probative effect of extrinsic evidence regarding the collateral pledge agreement is governed by common law principles. § 1.103, *supra.*

■ The conceptual essence of the parol evidence rule is to prevent fraud, therefore, exceptions to the rule are equally well recognized when enforcement of the rule would be inequitable or result in fraud. *Reid v. Ragland,* 156 S.W. 920, 921 (Tex.Civ. App.—San Antonio 1913, no writ). Exceptions to the parol evidence rule may be given effect when there can be shown delivery of the instrument upon a condition precedent, or fraud, accident, mistake or duress. *See Crozier v. Horne Children Maintenance & Educational Trust,* 597 S.W.2d 418, 422 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). Appellant asserts that extrinsic evidence introduced to modify the written pledge was properly admitted pursuant to the exceptions based upon conditional delivery and fraud.

■ Nowland contends the collateral pledge agreement was subject to an oral condition precedent that the assignment of the savings account would not become operative until the total loan was completely collateralized. It is well settled that extrinsic evidence is admissible to establish an oral condition precedent only if it is consistent with the terms of the written contract. *Denman v. Hall,* 144 Tex. 633, 193 S.W.2d 515, 516 (1946); *Baker v. Baker,* 143 Tex. 191, 183 S.W.2d 724, 728 (1944). Evidence of a contemporaneous oral agreement is not admissible where it contravenes the terms of an unambiguous written instrument. *McPherson, supra* at 932. The collateral pledge agreement executed by Nowland contained the language "hereby assigned." The term "hereby" indicates an act *in praesenti. Westerfeld v. Huckaby,* 474 S.W.2d 189, 193 (Tex.1971). We find the alleged oral condition precedent incongruent with the terms of the collateral pledge. Accordingly, parol evidence relating to the collateral pledge was not admissible under the condition precedent exception to the parol evidence rule.

■ Extrinsic evidence may be admissible for the purpose of vitiating a written contract where there has been fraud in the inducement. *Beggs v. Texas Electric Service Co.,* 396 S.W.2d 461, 463 (Tex.Civ. App.—Fort Worth 1965, writ ref'd n.r.e.). Fraudulent inducement requires a showing of some type of trickery, artifice or device. *Town North National Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). Although *Town North* involved a promissory note, the court's application of § 3.306(2), *supra,* makes the holding applicable to the instant case. *Id.* at 491. Section 3.306(2) states in pertinent part:

Unless he has the rights of the holder in due course, any person takes the instrument subject to

(2) *all defenses of any party which would be available in an action on a simple contract.* [emphasis added.]

Nowland claims that officers of Pan American agreed not to use his savings account as collateral until the entire loan was collateralized. As already discussed, the terms of the pledge agreement caused it to become operative immediately upon execution by ·appellee. We find that Nowland failed to adduce any evidence sufficient to elevate any representations of Pan American to the level of trickery, fraud or device. We hold

that extrinsic evidence was not admissible under the exception of fraud in the inducement. Because of our holding that the facts relied upon by Nowland to establish the oral agreement to the collateral pledge are barred by the parol evidence rule, we find there is no evidence to support the jury findings in special issues one, two, three, four and six.[3] Points of error nine and ten are sustained.

Pan American's first point of error contends that the evidence conclusively established Nowland's individual liability on the promissory note executed by the trustee pursuant to the Agreement. The Agreement was signed by Nowland and the other participating shareholders of Condo Rio, Inc., on March 8, 1976, and provided for an operative period of five (5) years. The Agreement empowered the trustee to execute "loans from banks, and other lending institutions or individuals in the name of the Trust" and provided that all "obligations entered into under this Agreement ... by the trustee ... shall be joint and several as to the shareholders." The individual liability of the seven shareholders to each other was proportionate to the number of shares held by the respective shareholder. The seven shareholders held a total of one hundred and fourteen (114) shares. Nowland possessed seven shares. On May 20, 1976, the trustee signed a promissory note in the principal sum of $100,000.00 made payable to the order of Pan American. The promissory note was signed "George K. Wilcox, Jr., Trustee." Immediately prior to the execution of the note, Pan American demanded that the trustee execute an affidavit setting forth his representative capacity and the continued validity of the Agreement. The record shows he did this.

A signature may be made by an agent and his authority to sign may be established as in other cases of representation. Tex.Bus. & Com.Code Ann. § 2.403 (Tex. U.C.C.) (Vernon 1968). A negotiable instrument executed by an agent for and with the authority of his principal is as if executed by the principal himself. *Lucas v. Whiteley*, 550 S.W.2d 767, 769 (Tex.Civ.App. —Amarillo 1977, writ ref'd n.r.e.). Except as established between the immediate parties, however, an authorized representative who signs his own name to an instrument may be personally obligated if the instru-

---

**3.** Special issue no. 1

Do you find from a preponderance of the evidence that the Plaintiff, William B. Nowland and Defendant, Pan American Bank of Brownsville, entered into an oral contract concerning a $237,500.00 loan?

ANSWER: We do or we do not.

We the jury answer, we do.

Special issue no. 2

Do you find from a preponderance of the evidence that the Defendant, Pan American Bank of Brownsville, violated the terms of that oral contract?

ANSWER: We do or we do not.

We the jury answer, we do.

Special issue no. 3

Do you find from a preponderance of the evidence that the Defendant, Pan American Bank of Brownsville, accepted delivery of Plaintiff, William B. Nowland's collateral pledge agreement for $100,000.00 as partial security for a $237,500.00 loan to George K. Wilcox, Trustee of Condominium Trust and that said pledge agreement would not be used until an additional $137,500.00 security was deposited with the bank?

ANSWER: We do or we do not.

We the jury answer, we do.

Special issue no. 4

Do you find from a preponderance of the evidence that the Defendant, Pan American Bank of Brownsville, agreed to hold in trust William Nowland's collateral pledge agreement until the balance of the security had been deposited with the Defendant, Pan American Bank, to secure the $237,500.00 loan?

ANSWER: We do or we do not.

We the jury answer, we do.

Special issue no. 6

Do you find from a preponderance of the evidence that the Defendant, Pan American Bank of Brownsville, represented to the Plaintiff, William B. Nowland, that his collateral pledge agreement would not be used until an additional $137,500.00 in security had been placed on deposit with the Pan American Bank, and that such representation was material, that said representation was false; that said representation was made with the intention of not fulfilling it, that such representation was made to the Plaintiff, William B. Nowland, for the purpose of inducing him to enter into the loan agreement, and that Plaintiff, William B. Nowland, relied upon the representation in entering into that loan agreement?

ANSWER: We do or we do not.

We the jury answer, we do.

ment does not name the person represented although showing that the representative signed in a representative capacity. *Id.* at § 2.403(a)(2), (b).

The Agreement authorized the trustee to incur debt and was extant at the time of the execution of the promissory note by the trustee. Pan American and the trustee were the immediate parties to the promissory note. We find that the affidavit executed by the trustee established prior knowledge of the trustee's representative capacity and exonerates the trustee from any *personal* liability on the note. An agent has no liability in a representative capacity distinct from the liability of his principal. *Talmadge Tinsley Co., Inc. v. Kerr,* 541 S.W.2d 207, 209 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). We hold that Nowland, as a signatory to the Agreement empowering the trustee to incur debt, is individually liable on the note.

Additionally, Nowland's liability is not terminated by Tex.Bus. & Com.Code Ann. § 3.606(a)(2) (Tex. U.C.C.) (Vernon 1968) which discharges any party to the instrument upon unjustifiable impairment of collateral by the holder. Nowland was in the posture of the maker of the note Tex. Bus. & Com.Code Ann. § 3.413(a) (Tex. U.C.C.) (Vernon 1968), and § 3.606, *supra,* applies to sureties and not makers. *Hooper v. Ryan,* 581 S.W.2d 237, 238 (Tex.Civ.App. —Waco 1979, no writ). Point of error one is sustained as to Nowland's liability.

We conclude that Nowland, as one of the seven participants to the Agreement which created joint and several obligations of the shareholders, is individually liable on the promissory note executed by the trustee during the operative period of the Agreement. Accordingly, we find it was reversible error for the trial court to deny Pan American's motion for judgment *non obstante veredicto* predicated on the individual liability of Nowland as a signatory to the Agreement authorizing the trustee to incur debt. The judgment in this part is reversed and rendered.

We also conclude there is no evidence to support the judgment of rescission of the collateral pledge agreement. We, perforce, set that judgment aside together with the award of prejudgment interest and exemplary damages against Pan American. The judgment in this part is also reversed and rendered.

We affirm the trial court's denial of attorney's fees. Costs are to be divided equally between Nowland and Pan American.

DIAL, Justice, concurring.

I concur in the result.

The testimony of Nowland's attorney that he signed the demand letter "which was placed in a wrapper, correctly addressed with the correct amount of postage and placed into a United States depository for the United States mail," is direct evidence raising the rebuttable presumption that the letter was received. *Southland Life Insurance Co. v. Greenwade,* 138 Tex. 450, 159 S.W.2d 854, 857 (1942). The presumption disappeared when evidence of nondelivery was given, but the facts upon which the presumption was based remain in evidence for consideration by the trier of facts. *Sudduth v. Commonwealth County Mutual Insurance Co.,* 454 S.W.2d 196, 198 (Tex.1970); *Cooper v. Hall,* 489 S.W.2d 409, 415 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). The jury's answer to special issue number nine should not have been disregarded.