Joy JONES, Petitioner,

v.

**DEL ANDERSEN AND ASSOCIATES,** Respondent.

No. B–5822.

Supreme Court of Texas.

July 14, 1976.

Schneider & Schneider, R. E. Schneider, Jr., George West, for petitioner.

Bagby, McGahey, Ross & DeVore, Philip C. Magahey, Arlington, for respondent.

GREENHILL, Chief Justice.

This suit was brought by Del Andersen, doing business as Del Andersen & Associates, to recover a real estate commission. Suit was brought against Mrs. Joy Jones, the owner of the property for which a purchaser was allegedly procured.[1] Both parties filed motions for summary judgment. The trial court granted Mrs. Jones' motion and rendered a judgment that the plaintiff Andersen, take nothing. The court of civil appeals reversed that judgment and remanded the cause to the district court. The holding was that a fact issue existed as to whether Andersen had produced a ready, willing and able buyer. Tex.Civ.App., 531 S.W.2d 417. We reverse that judgment and affirm the trial court's judgment in favor of Mrs. Jones.

Joy Jones owned the Deluxe Motel in Comanche, Texas. In December of 1973, she and Del Andersen & Associates entered into a real estate listing agreement which gave Andersen the exclusive right to list the motel for a period of 360 days. Under this agreement, Mrs. Jones agreed to pay Andersen a commission of 6% of the selling price "in the event that within the listing period: 1) DEL ANDERSEN & ASSOCIATES procures a purchaser for said price . . . ." Andersen subsequently located a prospective purchaser, Mr. and Mrs. Joseph Gallant, who executed a purchase contract for the motel during the listing period. The contract of sale, however, was never consummated. Andersen brought suit contending that the Gallants were ready, willing and able purchasers, and that he was therefore entitled to his commission.

In support of her motion for summary judgment, Mrs. Jones contended that the suit was barred by the following provisions of Section 28, Article 6573a [2]:

At the time of the execution of any contract of sale of any real estate in this State, the Real Estate Salesman, Real Estate Broker, Real Estate Agent or Realtor *shall* advise the purchaser or purchasers, *in writing,* that such purchaser or purchasers should have the abstract covering the real estate which is the subject of the contract examined by an attorney of the purchaser's own selection, or that such purchaser or purchasers should be furnished with or obtain a policy of title insurance; and provided further, that *failure to so advise as hereinabove set out shall preclude the payment of or recovery of any commission agreed to be paid on such sale.*[3]

The uncontroverted evidence establishes that Andersen failed to comply with these provisions. An interrogatory was propounded to and answered by Andersen, as follows:

4. You have attached to your original petition a copy of an instrument marked Exhibit "A" entitled "REAL

---

1. Suit was also brought against Charles Jones, the husband of Joy Jones. The trial court granted his motion for summary judgment. The court of civil appeals affirmed. Andersen has filed no application for writ of error complaining of this action. Consequently, Mr. Jones is not a party to this appeal.

2. All statutory references are to Vernon's Texas Revised Civil Statutes Annotated. All emphasis is ours.

3. Article 6573a has been amended since this case arose. Acts 1975, 64th Leg., p. 533, ch. 216. The substance of Section 28 is now contained in Section 20:

c) When an offer to purchase real estate in this state is signed, the real estate broker or salesman shall advise the purchaser, or purchasers, *in writing,* that the purchaser or purchasers should have the abstract covering the real estate which is the subject of the contract examined by an attorney of the purchaser's own selection, or that the purchaser or purchasers should be furnished with or obtain a policy of title insurance. *Failure to advise the purchaser as provided in this subsection precludes the payment of or recovery of any commission agreed to be paid on the sale.*

This amendment, while substantially identical to the prior language, has no application to the present case.

ESTATE PURCHASE CONTRACT." If you have had any other written communication either personally or through your agents or employees to or from Mr. and/or Mrs. Joseph Gallant incident to their alleged agreement to purchase the property involved in this law suit from defendants, then please attach a copy of each such communication to your answers to these interrogatories. If you have not had any other such written communications please so state.

*Answer to Interrogatory No. 4*

Attached hereto is a copy of a letter dated 3 September 1974, addressed to Mr. John Gleaton, Attorney at Law, in Comanche, Texas, and is the only correspondence that we have received from Mr. and Mrs. Joseph Gallant, with the exception of the real estate purchase contract, a copy of which was attached and marked Exhibit "A" to the Original Petition.

*All of our dealings with Mr. and Mrs. Joseph Gallant with the above exception, have been oral and over the telephone and, of course, in person.*

In view of the absence of evidence to the contrary, there exists no genuine issue of material fact regarding Andersen's failure to provide the Gallants with a writing as required by Section 28. See *Parrott v. Garcia,* 436 S.W.2d 897 (Tex.1969); *Gaylord Container Division of Crown Zellerbach Corp. v. H. Rouw Co.,* 392 S.W.2d 118 (Tex. 1965).

The only remaining question is one of statutory construction. If Section 28 is construed to cover the present transaction, Mrs. Jones would be entitled to judgment as a matter of law, and the summary judgment in her favor would be proper. Rule 166–A(c), Texas Rules of Civil Procedure; *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41 (Tex.1965).

Andersen contends that Section 28 is not applicable. He argues, and the court of civil appeals agreed, that it does not apply where the suit for commission is based upon a listing agreement rather than a contract

of sale. Andersen also contends that the purpose of the statute is to protect *purchasers* of real property; therefore it must be construed to apply only in cases where the *purchaser* is to pay the commission; and since this suit is against the seller, Section 28 should be no bar.

■ In determining the meaning of a statute, the dominant consideration is to ascertain the intention of the Legislature. *Calvert v. Texas Pipe Line Co.,* Tex., 517 S.W.2d 777 (1974); *Ex Parte Roloff,* 510 S.W.2d 913 (Tex.1974); *Flowers v. Dempsey-Tegeler & Co.,* 472 S.W.2d 112 (Tex. 1971). This intention is to be found in the language of the statute itself. *Calvert v. Texas Pipe Line Co.,* supra; *Railroad Commission of Texas v. Miller,* 434 S.W.2d 670 (Tex.1968); *Government Personnel Mutual Life Insurance Co. v. Wear,* 151 Tex. 454, 251 S.W.2d 525 (1952); *Texas Highway Commission v. El Paso Building & Construction Trades Council,* 149 Tex. 457, 234 S.W.2d 857 (1950). With these rules of construction in mind, we cannot give Section 28 the limited construction advocated by Andersen. To do so would require that we read into the statute words which are not there. It contains no language indicating that it applies only to commissions which are "payable by purchasers" or which are "based upon a contract of sale." Instead, the statute precludes "the payment of or recovery of *any* commission agreed to be paid.

We assume that Section 28 was enacted for the protection of real estate purchasers. By requiring the realtor to notify such persons of the advisability of investigating the seller's title, the risk of purchasing a worthless or clouded title is reduced. However, this does not mean that the statute applies only where the commission is payable by the purchaser. The Legislature could reasonably conclude that the most effective means of protecting prospective purchasers is to deny the realtor his commission any time he fails to supply the required information. Thus the statute uses the words "*any* commission." Likewise, protection is not limited to instances where there is no

listing agreement. The need for a warning to the purchaser exists independently of the fact that the realtor and the seller have or have not entered into a separate listing agreement.

■ In order for Section 28 to serve its intended purpose, it must apply in all cases. To hold otherwise would render the statute ineffectual, by permitting realtors and sellers, in instances where title problems exist, to structure the transaction so as to avoid the requirements of the statute.[4] We do not believe that the Legislature intended such a result. Only where the realtor is wrongfully deprived of the opportunity to comply may he still recover his commission. See *Knight v. Hicks,* 505 S.W.2d 638 (Tex. Civ.App.1974, writ ref'd n. r. e.).

■ We recognize that such a statute, construed as it is intended, can lead to harsh results in individual cases. For example, it appears that in the present case the purchasers did in fact seek legal advice concerning the seller's title, even though Andersen had failed to so advise them. However, when we have determined the legislative intent expressed in unambiguous language, our function is not to question the wisdom of the statute. In the absence of constitutional infirmities, we must apply it as written.

We therefore hold that Andersen's suit for his commission is barred by Section 28, Art. 6573a. This holding makes unnecessary any discussion of Mrs. Jones' other points of error.

The judgment of the court of civil appeals is reversed, and the judgment of the trial court is affirmed.

4. This opinion should not be read to imply that the parties in this case had any intention of avoiding the requirements of Section 28. The record contains no such evidence.