

# The Attorney General of Texas

**M MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
2/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

. .4 Jackson, Suite 700
Dallas, TX. 75202-4506
4/742-8944

4824 Alberta Ave., Suite 160
Paso, TX. 79905-2793
5/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

6 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
12/682-4547

200 Main Plaza, Suite 400
un Antonio, TX. 78205-2797
12/225-4191

n Equal Opportunity/
ffirmative Action Employer

December 28, 1984

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas   78767

Opinion No. JM-281

Re:  When a county may charge the
optional $5.00 vehicle registra-
tion fee

Dear Ms. Moore:

You have asked us to construe article 6675a-9a, V.T.C.S., with regard to the time at which the optional county vehicle registration fee may be imposed on license plate renewals.  The statutory language about which you inquire reads as follows:

> (b)  A county may impose a fee under this section only <u>to take effect beginning January 1</u> of a year ending in a '5' or a '0'.  (Emphasis added).

Section 3 of the same act, House Bill No. 965, whose first section added article 6675a-9a, provides that

> A fee imposed by a county under Section 9a . . . applies to a <u>registration period</u> that begins on or after <u>the date the fee takes effect.</u> (Emphasis added).

Acts 1983, 68th Leg., ch. 822, at 4710.  Essentially, you ask when it is appropriate for a county to begin charging the extra $5.00 fee.  We conclude that a county whose commissioners court has adopted the optional county vehicle registration fee in compliance with article 6675a-9a may begin charging such fee only on January 1, 1985 and only with regard to vehicles which, under the established administrative construction, become eligible for registration renewal on that date or thereafter.

The uncertainty which has led to your inquiry appears to have been engendered because article 6675a-9a has been imbedded in a statutory scheme of year-round vehicle registration, which replaced a system that for fifty years contained a uniform annual registration running from April 1 to March 31.  Art. 6675a-1 <u>et seq.</u>  You have suggested that either the extra $5.00 fee should be assessed only on all registration renewals purchased on or after January 1, 1985, or

that the extra $5.00 fee should be assessed on all registrations expiring on or after December 31, 1984, even if the renewal is purchased during the two months prior to January 1, 1985. However, the well-established rule of law that statutes which fix fees are to be strictly construed against allowing a fee by implication militates against your suggested conclusion. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); McLennan County v. Boggess, 137 S.W. 346 (Tex. 1911).

Your second suggested analysis, that the optional fee is meant to apply to all registrations expiring on or after December 31, 1984, is based on the two month time period during which you believe a renewal may be purchased prior to its expiration. Section 5 of article 6675a-3e provides that:

> license plates may be purchased during the month preceding the date on which the registration expires.

Article 6675a-4(a) provides that:

> Each registration year . . . shall . . . expire on the last day of the last calendar month in a registration period.

As an original matter, we might conclude that the "month" referred to in article 6675a-3e, section 5, was only the calendar month, 55 Tex. Jur. 2d Time $3 (1964), preceding the close of business on the last day of that very month in which the registration expired. However, we agree with you that there is sufficient ambiguity that it is reasonable to reach the conclusion that the time period during which a renewal may be purchased is the two months preceding the date on which the registration expires.

Indeed, that is the conclusion arrived at by the Texas Department of Highways, as demonstrated by the testimony of Mr. Robert Townsly, Director of Motor Vehicle Division of the Texas Highway Department, at a hearing before the House Transportation Committee wherein he indicated that renewal notices would be sent out in the "month preceding the month in which the registration is due." Bill Analysis to House Bill No. 1924, 64th Leg., Legislative Reference Library (1975). Likewise, the current manual issued to county tax assessor-collectors by the Texas Department of Highways and Public Transportation refers to

> a two-month registration renewal period - the month in which the current registration expires and the month immediately preceding the expiration month.

State of Texas Laws and Regulations Relating to the Registration of Vehicles Sec. 3.(b) II (1982). See also id., §3e et seq. While the interpretations of statutes made by agencies charged with their administration are not conclusive, they should be given substantial weight. Ex Parte Roloff, 510 S.W.2d 913 (Tex. 1974). Nevertheless, your second suggested construction must be rejected because it vitiates the plain meaning of the words "take effect" in section (b) of article 6675a-9a. Article 10, V.T.C.S., requires that words routinely be given their "ordinary signification." See Jones v. Del Anderson and Associates, 539 S.W.2d 348 (Tex. 1976). Webster's New Collegiate Dictionary defines the term "take effect" as "to become operative." Therefore, the optional fee may be charged only on and after January 1, 1985.

Your first suggested analysis of the timing of the implementation of the optional fee accepts this conclusion, but results in a strained application of your construction of the phrase "registration period" in article 6675a-4 to section 3 in House Bill No. 965, supra. Therein "registration period" appears to mean the span of time of not more than twelve months for which a registration is valid. Its usage in that provision seems to be the product of the fact that the Texas Department of Highways was authorized to establish different registration years for different classifications of vehicles and to prorate annual registration fees on a monthly basis. If the phrase "registration period" means the same thing in article 6675a-4 as in section 3 of House Bill No. 965, it produces the following anomalous results: (1) for the first such registration "period" to begin on or after January 1, 1985, the two month period for the renewal of registrations expired on December 31, 1984; and (2) the two month period for the renewal of registrations for the next such registration "period" extends from December 1, 1984, to January 31, 1985, and thus renewals of registrations expiring on January 31 would not be subject to the extra $5.00 fee if purchased before January 1, but would be subject to that fee if purchased after December 31.

We think it unreasonable to attribute an intent to create such absurd results to the legislature, especially when a simple, straightforward explanation of the plain meaning of the enactment (sections 1 and 3 of House Bill No. 965) is readily apparent. If the phrase "registration period" in section 3 is taken to mean the period for renewal of registrations, then all registrations which are to expire on February 28, 1985, would be subject to the extra $5.00 fee during the entire period of their eligibility for renewal (January 1 through February 28). Such an interpretation causes no anomalous results and is soundly grounded in the principle that the legislature knew the established administrative construction of article 6675a-3e, section 5.

### S U M M A R Y

A county which has adopted the optional $5.00 vehicle registration fee may begin charging it only on January 1, 1985, and only for the renewal of registrations which expire on February 28, 1985.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton