**W.W. BODINE, Appellant,**

v.

**Charlene BARECKY, as Independent Executrix of the Estate of Jimmy Barecky, Deceased, Appellee.**

**No. 13–88–177–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1988.

Rehearing Denied Dec. 22, 1988.

David L. Smith, Corpus Christi, for appellant.

William DeWitt Alsup, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY, and DORSEY, JJ.

OPINION

NYE, Chief Justice.

Jimmy Barecky sued to recover a real estate commission from W.W. Bodine, appellant. Prior to trial, Jimmy Barecky died and Charlene Barecky, appellee, was substituted as plaintiff. The trial court, pursuant to jury answers, rendered a verdict in favor of Barecky for $70,000.00 plus attorneys' fees. By six points of error, Bodine complains of the legal and factual sufficiency of the evidence. Barecky, by cross-point, contends the judgment should be in

the amount of $140,000.00 instead of $70,-000.00.

Jimmy Barecky was a licensed real estate broker practicing in Texas. On February 16, 1979, he contacted W.W. Bodine, the appellant, concerning the possible sale of two motels, the Sand & Sea Motel and the Mayflower Motel located on the bayfront in Corpus Christi, Texas. Bodine agreed to an exclusive listing agreement on the motels with Barecky wherein Barecky would be paid a commission of $70,000.00 per motel upon producing a ready, willing and able buyer.

On February 26, 1979, Barecky brought Mr. and Mrs. V.O. Jones to Corpus Christi. They met with Bodine and agreed to purchase the two motels for $3,400,000.00. As a result of that meeting, an agreement was reduced to writing and signed by Bodine, the seller, the Joneses as buyers and Jimmy Barecky as real estate agent. Subsequently, Bodine rescinded the agreement with the Joneses and thereafter sold the motels to a third party for approximately $500,000.00 more than the sale price set out in the Joneses' contract. Bodine refused to pay Barecky the agreed commission contending, in effect, that the contract did not comply with the Texas Real Estate License Act. Based on the jury verdict, the trial court entered judgment for plaintiff Barecky for $70,000.00 plus pre-judgment and post-judgment interest and attorney fees.

Appellant argues here that the trial court's judgment should be reversed because the evidence was legally and factually insufficient to show that Barecky complied with the compulsory requirements of the Texas Real Estate License Act. Tex. Rev.Civ.Stat.Ann. art. 6573a, § 20(c) (Vernon Supp.1988).

Section 20 of the Real Estate License Act has three requirements that must be met before the broker or salesman can bring an action for the collection of a commission that may be due:

a) The broker or salesman must allege and prove that the person performing the brokerage services was a duly licensed real estate broker or salesman or an attorney at law;

b) that the action for the recovery of the commission be evidenced by some memorandum thereof, in writing and signed by the party to be charged or by someone authorized by him to sign;

c) that the real estate broker or salesman shall advise the purchaser in writing that they *"should have the abstract covering the real estate which is the subject of the contract examined by an attorney of the purchaser's own selection, or that the purchaser or purchasers should be furnished with or obtain a policy of title insurance."* (emphasis supplied)

Appellee contends that the written document entitled "Offer and Acceptance," which was signed by all the parties, did in fact advise the purchasers of their rights to an examination of abstract or policy to title insurance in compliance with the statute, Section 20(c). We agree. The printed form contract stated:

" . . . . 5. The owner of the above property, hereinafter called Seller, *shall furnish at Seller's cost a complete abstract reflecting merchantable title satisfactory to Buyer's attorney,* however Seller shall have an option to furnish Buyer, in place of abstract, a policy of title insurance, and submission of an abstract shall not constitute a waiver of this option. *Seller shall have a reasonable time after acceptance within which to furnish abstract or title insurance. If objections are made to title,* Seller shall have a reasonable time to meet the objections or to furnish title insurance." (emphasis supplied)

Clearly the written agreement requires the seller to furnish an abstract or policies to title insurance and give the buyer a reasonable time to raise objections to the title based on such abstract or title insurance opinion. This meets the legislative purpose of the statute, and, as our Supreme Court said in *Jones v. Del Andersen & Associates,* 539 S.W.2d 348, 350 (Tex. 1976), the statute requires the seller to comply with the statute so that, "the risk of purchasing a worthless or clouded title is reduced."

Appellant relies on *Albright v. Texcellere Corp.*, 561 S.W.2d 533 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.) for his position that the above language failed to show compliance with the statute. *Albright*, is clearly distinguishable. We said in *Albright:* "None of the writings introduced into evidence contain the statutory requirements (Art. 6573a § 28) and Albright (real estate agent) does not suggest such a writing exists." *Albright*, 561 S.W. 2d at 540.

We hold that the language provided in the offer and acceptance was legally and factually sufficient to meet the requirements of the Texas Real Estate License Act. *Jones*, 539 S.W.2d 348. Appellant's points of error one through six are overruled.

With respect to appellee's cross-point, appellant conceded during oral argument that the judgment should be reformed to award $140,000.00 if the points of error were overruled. Therefore, we reform the judgment to award $140,000.00 with pre-judgment and post-judgment interest and affirm the judgment as reformed.