

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

March 1, 2000

The Honorable Frank Madla
Chair
Intergovernmental Relations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0190

Re: Whether funds allocated by section 1701.157 of the Occupations Code to local law enforcement agencies for continuing education of local law enforcement officers may be diverted to the general fund of a county or municipality (RQ-0125-JC)

Dear Senator Madla:

You have requested our opinion as to whether funds allocated to law enforcement agencies by section 1701.157 of the Occupations Code, for continuing education of local law enforcement officers, may be diverted to the general fund of a county or municipality. For the reasons set forth below, we conclude that they may not be so diverted.

Chapter 1701 of the Occupations Code provides for the Commission on Law Enforcement Officer Standards and Education. Section 1701.156 thereof establishes "the law enforcement officer standards and education fund account . . . in the general revenue fund [of the State Treasury]." TEX. OCC. CODE ANN. § 1701.156 (Vernon 2000). Section 1701.157 provides, in relevant part:

> (a) Not later than March 1 of each calendar year, the comptroller shall allocate money deposited during the preceding calendar year in the general revenue fund to the credit of the law enforcement officer standards and education fund account for expenses related to the continuing education of persons licensed under this chapter as follows:
>
> (1) 20 percent of the money is allocated to all local law enforcement agencies in this state in equal shares; and
>
> (2) 80 percent of the money is allocated to all local law enforcement agencies in this state in a share representing a fixed amount for each position in the agency, as of January 1 of the preceding calendar year, that is reserved to a person who:
>
> (A) is licensed under this chapter;

(B)   works as a peace officer on the average of at least 32 hours a week; and

(C)   is compensated by a political subdivision of this state at least at the minimum wage and is entitled to all employee benefits offered to a peace officer by the political subdivision.

. . . .

(c) The head of a law enforcement agency shall maintain a complete and detailed written record of money received and spent by the agency under this section.  Money received under this section is subject to audit by the comptroller.  Money spent under this section is subject to audit by the state auditor.

(d) A local law enforcement agency shall use money received under Subsection (a) only as necessary to ensure the continuing education of persons licensed under this chapter or to provide necessary training, as determined by the agency head, to full-time fully paid law enforcement support personnel in the agency.

(e) A local law enforcement agency may not use money received under Subsection (a) to replace funds that are provided to the agency by the county or municipality having jurisdiction over the agency on a recurring basis for training law enforcement officers and support personnel.

*Id.* § 1701.157. You ask whether the above described funds may be transferred to the general fund of a county or municipality.

Subsection (a) of section 1701.157 declares that the money is allocated to local "law enforcement agencies." *Id.* § 1701.157(a). Subsection (d) makes clear that the funds at issue may be used by a law enforcement agency "*only* as necessary" for the "continuing education" of licensees or for "necessary training" for a law enforcement agency's "support personnel." *Id.* § 1701.157(d) (emphasis added). Subsection (e) provides that the funds may not even be used to *replace* training funds furnished by the city or county. *Id.* § 1701.157(e). Furthermore, subsection (c), in requiring "the head of a law enforcement agency" to maintain a "detailed written record" of receipts and expenditures, and in permitting the audit of these moneys by state officials, suggests that the local governmental body has little budgetary or supervisory control over these funds whatsoever. *Id.* § 1701.157(c). In fact, a 1997 amendment to section 1701.157's statutory predecessor deletes the previous requirement that counties and municipalities conduct their own audit of these funds. *See* Act of May 23, 1997, 75th Leg., R.S., ch. 915, 1997 Tex. Gen. Laws 2901, 2902 (codified as an amendment to former TEX. GOV'T CODE ANN. § 415.0845); *see also* SENATE COMM. ON

INTERGOVERNMENTAL RELATIONS, BILL ANALYSIS, Tex. Comm. Substitute S.B. 187, 75th Leg., R.S. (1997).

Such language leaves no room for construction. When the language of a statute is neither ambiguous nor unreasonable nor unconstitutional, the courts look to the language itself to determine the legislature's intent. *Ex parte Evans*, 964 S.W.2d 643, 646 (Tex. Crim. App. 1998) (en banc). *See also Jones v. Del Andersen & Assoc.*, 539 S.W.2d 348 (Tex. 1976). Since the language of section 1701.157 vests control of the funds in local law enforcement agencies and permits the use of the funds *only* for "continuing education" and "necessary training," it follows that the funds may not be diverted to the general fund of a county or municipality.

## S U M M A R Y

Funds allocated by section 1701.157 of the Occupations Code to local law enforcement agencies for continuing education of local law enforcement officers may not be diverted to the general fund of a county or municipality.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee