Petition for Writ of Mandamus Denied and Majority and Concurring
Opinions filed October 9, 2008








 

Petition
for Writ of Mandamus Denied and Majority and Concurring Opinions filed October
9, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00204 -CV

____________

 

IN RE MEMORIAL HERMANN HEALTHCARE SYSTEM

and MEMORIAL HERMANN HOSPITAL SYSTEM, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

C O N C U
R R I N G   O P I N I O N

Section
15.10(i) of the Texas Free Enterprise and Antitrust Act is unambiguous. 
Therefore, this court need not resort to any tool of interpretation or
construction to determine the meaning of the statute.  The court simply should
hold that it means what it says and enforce it as written.  Instead, after
holding that the statute is unambiguous, the court considers the desirability
of the consequences of the possible interpretations.  Though the court is free
to pursue this course, it is best not to do so because analyzing such matters
is unnecessary and potentially problematic.  Accordingly, though I concur in
the court=s judgment, I do not join in section B of the majority opinion.








In the
Code Construction Act, the Texas Legislature has observed that, even after
concluding a statute is unambiguous, a court may consider various matters
including the statutory objectives, legislative history, and the consequences
of a particular construction.  See Tex.
Gov. Code Ann. ' 311.023 (Vernon 2005).  Notably, this statute does not
require consideration of such matters; it merely states that courts may consider
them.  Even before enactment of the Code Construction Act, courts were free to
consider such matters if they chose to do so and to mention these matters in
opinions.  Nonetheless, with rare exceptions not applicable in the case at
hand, these matters cannot be used to alter the unambiguous meaning of the
statute.  See Fleming Foods of Texas, Inc. v. Rylander, 6 S.W.3d 278,
283B84 (Tex. 1999). 
Therefore, references to them amount to obiter dicta.  

Moreover, discussion of this court=s views regarding
the desirability of the consequences of a proposed construction of section 15.10(i) might suggest to
some that this court would adopt a construction of the statute it believes has
the most desirable consequences, even though that construction might not be
reasonable in light of the statute=s unambiguous text.  See ante at
pp. 6B7.  Consideration of the desirability
or undesirability of the consequences of a statutory interpretation cannot
change this court=s duty to give effect to the statute=s unambiguous language.  See, e.g., Fleming
Foods of Texas, Inc., 6 S.W.3d at 281B84 (reversing
court of appeals which Texas Supreme Court stated had given the legislative
history precedence over the statute=s unambiguous
meaning).  For this reason, when construing an unambiguous statute, the better
course is not to address
the desirability of the consequences of the possible interpretations of the
statute.[1]  













The legislature is elected by the people and is entrusted
with enacting laws.  If the legislature enacts an unambiguous law that wreaks undesirable consequences, it
is the legislature=s office to fix it.  It is not this court=s office to change or decline to
enforce a clear and unambiguous law because, in the court=s view, that law produces undesirable
consequences.  For this reason, the court should not address the desirability
of the consequences of a proffered interpretation of an unambiguous statute. 
Even though courts may consider and discuss these and other matters regarding
unambiguous statutes, the best practice is not to do so.  See, e.g., Wisconsin
Pub. Intervenor v. Mortier, 501 U.S. 597, 621, 111 S. Ct. 2476, 2490, 115
L. Ed. 2d 532 (1991) (Scalia, J., concurring in the judgment) (stating that
best practice would be not to use legislative history that cannot affect the
result in the case because it may confuse courts, such as the state supreme
court in the case at hand, into ruling that the legislative history can change
the interpretation of an unambiguous statute); St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997)
(stating that courts need not resort to extrinsic aids in construing an
unambiguous statute and that courts must find the legislature=s intent as expressed in the language
of the statute); Jones v. Del Andersen & Assoc., 539 S.W.2d 348,
351 (Tex. 1976) (stating that, when a court has determined the legislative
intent expressed in a statute=s unambiguous language, the court=s function is not
to explore the wisdom of the statute but to give effect to the unambiguous
language).  The better course is to eschew these considerations and instead
glean the meaning of the statute from its clear and unambiguous language.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Petition Denied and Majority and Concurring Opinions
filed October 9, 2008.

Panel consists of Chief Justices Hedges, Justice
Frost, and Senior Justice Hudson.* (Hedges, C.J., majority).









            [1]  Some courts have
stated that, if there are two reasonable interpretations of a statute and if
one would lead to an absurd result and the other would not, then the court must
choose the reasonable interpretation that avoids an absurd result.  See
Univ. of Tex. Southwestern Med. Center v. Loutzenhiser, 140 S.W.3d 351, 356B57 & n.20 (Tex. 2004); Cramer v. Sheppard,
167 S.W.2d 147, 155 (1942) (stating A[w]e
also are not unmindful of the rule that constitutional and statutory provisions
will not be so construed or interpreted as to lead to absurd conclusions, great
public inconvenience, or unjust discrimination, if any other construction or
interpretation can reasonably be indulged in; but this rule only applies where
the constitutional or statutory provision under consideration is open to more
than one construction or interpretation@). 
Some courts have indicated that the Aabsurd
results@ doctrine applies even if the statute is unambiguous. 
See, e.g., Tex. Dep=t of
Prot. & Reg. Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 177 (Tex. 2004).  Even if this
doctrine applies to unambiguous statutes, it is clear that it would be rare
indeed for a court to conclude that the unambiguous meaning of the statute is
absurd.  See Brazos River Auth. v. City of Graham, 354 S.W.2d 99, 109
n.3 (Tex. 1961) (stating that Aoperating as we
are under a strict theoretical division of governmental powers, it would take a
bit of doing on the part of the judiciary to say, in the absence of ambiguous
and uncertain statement or patent and manifest absurdity, that the Legislature
intended something different from the clear import of the words chosen by it@).  In any event, unambiguous language that produces a
patently absurd result is significantly different from unambiguous language
that produces undesirable consequences, and no party asserts that any
interpretation of the statute in this case would produce a patently absurd
result. 





            *Senior
Justice J. Harvey Hudson sitting by assignment.