FILED
18-1167
5/22/2020 3:01 PM
tex-43192210
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# IN THE SUPREME COURT OF TEXAS

═══════════

No. 18-1167

═══════════

THE EL PASO EDUCATION INITIATIVE, INC., D/B/A BURNHAM WOOD
CHARTER SCHOOL, PETITIONER,

v.

AMEX PROPERTIES, LLC, RESPONDENT

═══════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

═══════════════════════════════

JUSTICE BLACKLOCK, joined by CHIEF JUSTICE HECHT, concurring.

I concur in the Court's decision and agree with nearly all its analysis. I write separately to note one issue I would approach differently.

The Court holds that "open-enrollment charter schools and charter holders are entitled to governmental immunity." *Ante* at ___. I agree. To reach that conclusion, however, the Court looks to the common-law standards we have previously employed to decide whether quasi-public entities, which fall somewhere in the gray area between the public and the private, share the government's immunity from suit. Thus, the Court asks whether charter schools are "an arm of the State government" and whether extending immunity to them would serve "the nature and purposes of immunity." *Ante* at ___.

I have no objection to the Court's common-law immunity standards or to its analysis of whether charter schools satisfy those standards. In my view, however, the common-law standards

are no longer controlling when the Legislature has already answered the question: "In matters related to operation of an open-enrollment charter school, an open-enrollment charter school or charter holder is immune from liability and suit to the same extent as a school district . . . ." TEX. EDUC. CODE § 12.1056(a). Like all statutes, section 12.1056(a) is presumptively constitutional. *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 575 (Tex. 2018). The Respondent in this case makes no argument that section 12.1056(a) is unconstitutional, so we should presume it is.[1]

Under the Court's analysis, however, section 12.1056(a) seems to be insufficient, on its own, to confer immunity on charter schools. As the Court approaches it, the Legislature's grant of immunity to charter schools is not controlling, and in order for charter schools to have immunity, the judiciary must agree they should have it. But for that to be right, section 12.1056(a) must suffer from a constitutional infirmity. The Court does not say section 12.1056(a) is unconstitutional. Indeed, the Court relies on it as a legislative indication that charter schools are an arm of the state. Instead, the Court asks a different question—whether charter schools satisfy the common-law standards for governmental immunity. But section 12.1056(a) is not a suggestion. It states a rule of law, and that rule must be applied unless it is inapplicable or unconstitutional. *Jones v. Del Andersen & Assoc.*, 539 S.W.2d 348, 351 (Tex. 1976) ("In the absence of constitutional infirmities, we must apply [statutes] as written.").

---

[1] The Respondent does argue that section 12.1056(a) does not apply because this lawsuit was filed before section 12.1056(a) was enacted. Thus, even if section 12.1056(a) generally controls the question of charter schools' immunity, in this case the Court would need to address the retroactivity issue before determining whether section 12.1056(a) protects EPEI from this lawsuit.

I see no obvious reason to doubt section 12.1056(a)'s constitutionality, though parties may of course raise such arguments in the future. I think it likely the Legislature has the constitutional authority to directly confer the functional equivalent of governmental immunity on quasi-public entities like charter schools, depending on the circumstances. It is also probable, however, that the Legislature could *not* confer such immunity on just any run-of-the-mill private enterprise of its choosing. The standards for judging the constitutionality of a statute conferring immunity on a private entity may be similar in some respects to the standards for determining whether the entity has common-law immunity as an arm of the state. But there may be differences, large or subtle. The two questions are distinct, and while this Court has often addressed the standards for common-law immunity, we have never identified standards by which to judge the constitutionality of an immunity-conferring statute like section 12.1056(a). Again, the parties have not raised these questions, and their resolution should await the proper case.

I acknowledge the Court's prior statement that "the judiciary determines whether immunity exists in the first instance, and if it does, we defer to the Legislature to waive or abrogate it." *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). I understand that statement to refer to the judiciary's responsibility to define the contours of *common-law* immunity. We did not hold in *Rosenberg*, or elsewhere, that *statutory* grants of immunity are invalid. In fact, in *Rosenberg*, we reserved that very question. *See Rosenberg*, 571 S.W.3d at 747 ("[W]e need not consider whether the Legislature can confer immunity by statute or only waive it.").[2]

---

[2] *Rosenberg* continues: "Our holding today does not imply that the Legislature could de facto grant an entity immunity simply by designating it as a 'governmental entity.' The *common-law* rule of immunity is exclusively for

The Court previously described the statutory immunity of charter schools as follows: "an open-enrollment charter school is not to be treated as a governmental entity or school district unless a statute specifically states that it is, but when there is such a statute, the open-enrollment charter school's immunity from liability and suit is the same as a school district's." *Neighborhood Centers, Inc. v. Walker*, 544 S.W.3d 744, 753 (2018). If that statement retains any effect, there is little need to ask whether a charter school, which has specifically been granted immunity by statute, also satisfies the common-law standards for governmental immunity.

I agree with the rest of the Court's opinion and respectfully concur.

_____
James D. Blacklock
Justice

**OPINION DELIVERED:** May 22, 2020

---

the judiciary to define . . . ." 571 S.W.3d at 750 (emphasis added). When it comes to charter schools, there is no need to consider whether the Legislature has "de facto" granted immunity by using the "governmental entity" label. Unlike *Rosenberg* and the Court's other prior cases, here the Legislature has clearly and specifically granted charter schools immunity from both suit and liability. TEX. EDUC. CODE § 12.1056(a). Even if it is the judiciary's exclusive prerogative to define "[t]he *common-law* rule of immunity," that does not mean the Legislature is constitutionally prohibited from conferring *statutory* immunity.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below:

Envelope ID: 43192210
Status as of 05/22/2020 15:03:45 PM -05:00

Associated Case Party: Amex Properties, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Henry Paoli | | hpao@scotthulse.com | 5/22/2020 3:01:37 PM | SENT |
| Casey S.Stevenson | | cste@scotthulse.com | 5/22/2020 3:01:37 PM | SENT |
| Sofia Vargas | | svar@scotthulse.com | 5/22/2020 3:01:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ruth H.Davis | | rdav@scotthulse.com | 5/22/2020 3:01:37 PM | SENT |
| Stuart R. Schwartz | 17869750 | ssch@scotthulse.com | 5/22/2020 3:01:37 PM | SENT |
| Joseph L. Hood | 9943250 | hood@windlehood.com | 5/22/2020 3:01:37 PM | SENT |